Juan GARDUNO–LOPEZ; Fidela Garduno, Petitioners,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 08–74785.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 8, 2011.

John M. Levant, Esquire, Ask Law Group, Los Angeles, CA, for Petitioners.

Anthony John Messuri, Esquire, Trial, Oil, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Juan Garduno–Lopez and Fidela Garduno, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order denying their mo-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion to reopen proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, and review de novo claims of ineffective assistance of counsel. *See Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

To the extent we have jurisdiction to review the BIA's denial of petitioners' motion to reopen, *see Fernandez v. Gonzales*, 439 F.3d 592, 601 (9th Cir.2006), we conclude the BIA did not abuse its discretion in doing so based on the new evidence of hardship, because the BIA considered the evidence of the U.S. citizen children's mood disorders, and acted within its broad discretion in determining the evidence was insufficient to establish prima facie eligibility for cancellation of removal. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law").

Nor did the BIA abuse its discretion in denying petitioners' motion to reopen based on the claim that prior counsel provided ineffective assistance, where they did not establish that evidence of their children's problems was available previously. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on ineffective assistance of counsel claim, alien must demonstrate prejudice).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.